IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,         Case No. CR-2-12-206
                  JUDGE GREGORY L. FROST
 v.

MICHAEL KEITH SHEPARD,

   Defendant.

**ORDER REVOKING SUPERVISED RELEASE AND IMPOSING SENTENCE**

  This matter came on for a hearing this 10th day of June, 2015 upon the Petition to Revoke Defendant's Supervised Release status. Defendant, Counsel for Defendant, and Counsel for the Government appeared.

  At the hearing, Defendant admitted to violating:

  STANDARD CONDITION NO. 2: "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

  SPECIAL CONDITION NO. 2: "The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law."

  SPECIAL CONDITION NO. 4: "The defendant shall register and keep the registration current in each jurisdiction where the defendant resides, where he is an employee, and where the offender is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of Residence (42 U.S.C. § 16913(a)). If the state of residence is not accepting sex offender registrations pursuant to the Sex Offender Registration and Notification Act (SORNA) and

unable to accept the defendant's registration, the defendant must maintain contact with state registration authorities and his probation officer to determine when such registration can be accepted.  The duty to register may continue after expiration of the offender's federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements the SORNA of 2006.  If the defendant's supervision transfers to another federal district the offender's duty to register as required by SORNA shall be governed by that district's policy and the laws of that state."

    The Court accepts the admission.

    Sentencing in this matter is continued until the sentencing date established in 15-CR-100.

    Defendant is ordered to be held without bail.

    Defendant was remanded to the custody of the United States Marshal's Service.

**IT IS SO ORDERED.**

                                                        s/   Gregory L. Frost
                                          **GREGORY L. FROST, JUDGE**
                                          **UNITED STATES DISTRICT COURT**